UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
WESTCHASE RESIDENTIAL ASSETS II,
LLC

                Plaintiff,

-against-

SHASHI B. GUPTA,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for American
Brokers Conduit, JOHN DOE "1" THROUGH
"12", said persons or parties having or claimed to
have a right, title or interest in the Mortgaged
premises, herein their respective names are
presently unknown to the Plaintiff, and MRS.
FERGUSON

                Defendants.
---------------------------------------------------------X

**ADOPTION ORDER**
14-cv-1435 (ADS)(GRB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 10 2015 ★

LONG ISLAND OFFICE

**APPEARANCES:**

**The Margolin and Weinreb Law Group, LLP**
*Attorneys for the Plaintiff*
165 Eileen Way, Suite 101
Syosset, NY 11791
    By: Alan H Weinreb, Esq., Of Counsel

**SPATT, District Judge.**

On March 4, 2014, the Plaintiff, Westchase Residential Assets II, LLC (the "Plaintiff"), filed a Complaint against the Defendants Shashi B. Gupta, Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit, John Doe "1" through "12," said persons or parties having or claimed to have a right, title or interest in the Mortgaged premises, herein their respective names are presently unknown to the Plaintiff, and Mrs. Ferguson (collectively, the "Defendants") pursuant to New York Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 55 East Beverly Parkway, Valley Stream, NY 11580.

1

On May 21, 2014, the Clerk of the Court issued a certificate of default noting the default by the Defendants.

On October 6, 2014, the Plaintiff moved for a default judgment granting a judgment of foreclosure and sale and to amend the caption.

On October 7, 2014, the Court referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded.

On May 19, 2015, Judge Brown issued a Report recommending that (1) the caption of the case be amended to dismiss John Does 2-12, and replace John Doe 1 with a tenant known only as "Mrs. Ferguson," (2) motion for a default judgment be granted, (2) judgment of foreclosure and sale be awarded, (3) principal, advances and interests be awarded in the amount of $752,461.83, along with interest accrued past June 10, 2014 at a rate of 7.5% per year, (4) attorneys' fees in the amount of $5,500.00, (5) costs in the amount of $2,381.60, and (6) the Defendants be directed that the judgment forecloses any interest that the Defendants had in the mortgaged premises.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the May 19, 2015 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error). Accordingly, the May 19, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is

granted. The Clerk of the Court is directed to enter judgment for the Plaintiff and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
June 10, 2015

                                      s/ Arthur D. Spatt
                                      ARTHUR D. SPATT
                                      United States District Judge