UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WESTCHASE RESIDENTIAL
ASSETS II, LLC,

                Plaintiff,

      -against-

SHASHI B. GUPTA, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for American
Brokers Conduit, and MRS. FERGUSON,

                Defendants.
-------------------------------------------------------X

**NOTICE OF MOTION TO VACATE DEFAULT JUDGMENT**
14-CV-1435 (ADS)(GRB)

      PLEASE TAKE NOTICE that upon the annexed memorandum of law of Erica T. Yitzhak, dated October 21, 2015, and the affidavit of Shashi B. Gupta, dated October __, 2015, Defendant Shashi B. Gupta will move this Court for an order: (a) granting Defendant Shashi B. Gupta's motion to vacate default judgment entered against him on June 26, 2015; and (b) granting such other relief this Court deems just, proper or equitable.

Dated: October 21, 2015
       Great Neck, New York

                                       _____
                                       Erica T. Yitzhak, Esq.
                                       Erica T. Yitzhak, Esq. P.C.
                                       17 Barstow Road, Suite 406
                                       Great Neck, New York 11021
                                       Phone (516) 466-7144
                                       Fax (516) 466-7145

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WESTCHASE RESIDENTIAL
ASSETS II, LLC,

                     Plaintiff,

      -against-

SHASHI B. GUPTA, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for American
Brokers Conduit, and MRS. FERGUSON,

                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO VACATE DEFAULT
JUDGMENT**
14-CV-1435 (ADS)(GRB)

      Defendant Shashi B. Gupta ("Defendant"), by his attorney Erica T. Yitzhak, Esq. P.C., respectfully submits this Memorandum of Law in support of Defendant's motion to vacate default judgment pursuant to Federal Rules of Civil Procedure §§55(c) and 60 pending the hearing of Defendant's motion.

## STATEMENT OF FACTS

      The summons and complaint was not personally served on Defendant Shashi B. Gupta. On Monday, March 24, 2014, a process server attached the summons and complaint to the door at 55 East Beverly Parkway, Valley Stream, NY 11580. The process server affixed these documents to the door with tape. The process server also stated that he mailed copies of the summons and complaint on March 26, 2014 to the above address, however, Defendant received no such mailing. Defendant does not reside at this address. Defendant did not learn of this matter until after the Default Judgment had already been entered on June 26, 2015. It was at that time that Defendant retained his attorney.

## ARGUMENT

## LACK OF PERSONAL JURISDICTION FOR IMPROPER SERVICE OF PROCESS

If service upon Defendant is improper, the court lacks personal jurisdiction over the Defendant, and a default judgment entered against him must be vacated. *U.S. v. Cally*, 197 F.R.D. 27 (E.D.N.Y. 2000); *Triad Energy Corp. v. McNell*, 110 F.R.D. 382 (S.D.N.Y. 1986). *See Humphrey v. New York Life Ins. Co.*, 2006 WL 3837718 (E.D.N.Y. 2006); *Palmieri v. Town of Babylon*, 2006 WL 1155162 (E.D.N.Y. 2006).

When the nail and mail method of service is utilized without the prerequisite due diligence requirement, service is deemed improper. *Serraro v. Starapoli*, 94 A.D.3d 1083 (App. Div. 2d Dep't 2012). *See generally McSorely v. Spear*, 50 A.D.3d 652 (App. Div. 2d Dep't 2008) (granting defendant's motion to dismiss based on improper service due to lack of due diligence); *County of Nassau v. Letosky*, 34 A.D.3d 414 (App. Div. 2d Dep't 2006) (upholding motion to dismiss due to lack of service where process server did not act in due diligence using nail and mail method).

Plaintiff did not act in due diligence as required before using the nail and mail method of service. Service of process can be made by affixing the summons and complaint to the door only when alternate methods of personal service cannot be made with due diligence. N.Y. C.P.L.R. 308(4). *Serraro v. Starapoli*, 94 A.D.3d 1083. It must be shown that the process server made genuine inquiries about Defendant's whereabouts and place of employment. *Id.*

In *Serraro v. Staropoli*, the process server attempted to personally deliver a summons and complaint four times on four different weekdays. All four attempts were unsuccessful. *Id.* at 1085. After the four failed attempts, the process server affixed a copy of the summon and complaint to the front door, and mailed a copy to the same address. *Id.* It was determined in this

case that the process server did not make any inquiries about the defendant's work schedules or any other addresses where they may be located. *Id.* The process server only attempted to locate defendants at the primary address, and only served that same address four times before affixing the summons and complaint to the door. *Id.* The court also noted that the process server only attempted to server defendants on weekdays during hours when it reasonably could have been expected that defendants would be at work. *Id.* The court held that due to these circumstances, the plaintiffs failed to establish that they exercised due diligence in serving the defendants. *Id.*

When looking at the instant case, Plaintiff failed to utilize due diligence in serving Defendant. Plaintiff made no genuine inquiries about a work schedule or any other addresses where Defendant may be located. Plaintiff only attempted to locate Defendant at one address, and only made an attempt at service one time. Plaintiff used the same process server to serve a defendant in the same case, at the same location, ten days prior to serving Defendant Shashi B. Gupta. In addition to this, service was made at 1:33 P.M. on Monday, March 24, 2014. It would be reasonable to expect that Defendant would be at work at the time of the attempted service. These factors demonstrate that Plaintiff failed to utilize due diligence in serving Defendant.

The court in *Serraro v. Staropoli* stated, "[t]he requirement of due diligence must be strictly observed because 'there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308(4).'" *Serraro v. Staropoli*, 94 A.D.3d at 1084. *See also Kaszovitz v. Weiszman*, 110 A.D.2d 117 (App. Div. 2d Dep't 1985); *McSorley v. Spear*, 50 A.D.3d 652 (App. Div. 2d Dep't 2008); *County of Nassau v. Letosky*, 34 A.D.3d 414 (App. Div. 2d Dep't 2006).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate Default Judgment should be granted.

Dated: October 21, 2015
       Great Neck, New York

 

*/s/ Erica T. Yitzhak*
Erica T. Yitzhak, Esq.
Erica T. Yitzhak, Esq. P.C.
17 Barstow Road, Suite 406
Great Neck, New York 11021
Phone (516) 466-7144
Fax (516) 466-7145

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WESTCHASE RESIDENTIAL
ASSETS II, LLC,

                Plaintiff,

    -against-

SHASHI B. GUPTA, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for American
Brokers Conduit, and MRS. FERGUSON,

                Defendants.
-------------------------------------------------------X

**ATTORNEY AFFIRMATION REGARDING MOTION TO VACATE DEFAULT JUDGMENT**
14-CV-1435 (ADS)(GRB)

    Erica T. Yitzhak, Esq., pursuant to CPLR 2106[NYCLS] and under the penalties of perjury, affirms as follows:

1. I am an attorney at law at the Law Offices of Erica T. Yitzhak, P.C., the attorney of record for the Defendant in this action and as such am fully familiar with the facts of this case and the proceedings heretofore and herein.

2. The within motion is to vacate a default judgment entered against Defendant on June 26, 2015.

WHEREFORE, your Affirmant respectfully prays for the relief requested in the annexed Motion.

Dated: October 21, 2015
       Great Neck, New York

I hearby certify pursuant to 22 NYCRR §130-1.1-a that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR §130-1.1(c):

_____
Erica T. Yitzhak, Esq.