**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
WESTCHASE RESIDENTIAL ASSETS II,
LLC

                Plaintiff,

      -against-

SHASHI B. GUPTA,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for American
Brokers Conduit, and MRS. FERGUSON,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
14-cv-1435 (ADS)(GRB)

FILED
CLERK
7/7/2016 12:27 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

<u>**APPEARANCES:**</u>

**Pulvers, Pulvers, Thompson & Friedman, LLP**
*Attorneys for the Plaintiff*
950 Third Ave, 11th Floor
New York, NY 10022
      By: Adam J. Friedman, Esq., Of Counsel

**Erica T. Yitzhak Esq. P.C.**
*Attorney for the Defendant Gupta*
17 Barstow Road, Suite 406
Great Neck, NY 11021
      By: Erica Tobi Yitzhak, Esq., Of Counsel

**SPATT, District Judge**.

      On March 4, 2014, the Plaintiff Westchase Residential Assets II, LLC (the "Plaintiff"), filed a Complaint against the Defendants Shashi B. Gupta; Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit; John Does "1" through "12," said persons or parties having or claimed to have a right, title or interest in the Mortgaged premises, herein their respective names are presently unknown to the Plaintiff; and Mrs. Ferguson (collectively, the "Defendants") pursuant to New York Property Actions and Proceedings Law,

1

Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 55 East Beverly Parkway, Valley Stream, NY 11580.

On May 21, 2014, the Clerk of the Court issued a certificate of default noting the default by the Defendants.

On October 6, 2014, the Plaintiff moved for a default judgment granting a judgment of foreclosure and sale and to amend the caption.

On October 7, 2014, the Court referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded.

On May 19, 2015, Judge Brown issued a Report (the "R&R") recommending that (1) the caption of the case be amended to dismiss John Does 2-12, and replace John Doe 1 with a tenant known only as "Mrs. Ferguson"; (2) the motion for a default judgment be granted; (3) judgment of foreclosure and sale be awarded; (4) principal, advances and interests be awarded in the amount of $752,461.83, along with interest accrued past June 10, 2014 at a rate of 7.5% per year; (5) attorneys' fees in the amount of $5,500.00; (6) costs in the amount of $2,381.60; and (7) the Defendants be directed that the judgment forecloses any interest that the Defendants had in the mortgaged premises.

On June 10, 2015, the Court adopted the R&R in its entirety and directed the Clerk of the Court to enter judgment in favor of the Plaintiff and to close this case.

On June 25, 2015, the Clerk of the Court entered a default judgment against the Defendants.

On September 3, 2015, Erica Tobi Yitzhak, Esq. ("Yitzhak"), for the first time filed a notice of appearance on behalf of the Defendant Shashi B. Gupta ("Gupta"), who executed the

2

note and mortgage encumbering the property at issue in this case. On the same day, Yitzhak filed a request for a court conference and indicated her intent to file a motion on behalf of Gupta to vacate the default judgment.

On September 21, 2015, the Court held a conference during which it granted Gupta leave to file a motion to vacate the default judgment.

Presently before the Court is a motion by Gupta to vacate the default judgment because she alleges that service of process was improper.

For the reasons set forth below, the motion by Gupta is denied.

## I. DISCUSSION

### A. The Legal Standard

Gupta styles her motion as one made pursuant to Federal Rules of Civil Procedure ("Rules") 55(c) and 60. Rule 55(c) states that a court "a may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b), in turn, authorizes a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Gupta does not specify which of these subdivisions she is moving under, and the only argument she offers for vacating the default judgment against her is the Plaintiffs' alleged failure to properly serve her with a summons and the complaint.

3

Where, as here, a defendant moves to vacate a default judgment for insufficient service of process, courts generally construe the motion as one made under Rule 60(b)(4). See Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) ("Giving defendant the benefit of the intendment of its argument, the Court interprets its brief to allege that the default judgment is 'void' pursuant to Rule 60(b)(4) because Local 531 failed to adequately serve process, and thus the Court lacked personal jurisdiction."); United States v. Roman, No. 98-CV-4953 (JS) (ETB), 2008 WL 4415291, at *1 (E.D.N.Y. Sept. 22, 2008) ("[T]he substance of Defendant's letter motion is that his rights were violated because the United States did not comply with Rules 12(b)(4) and (5), which deal with insufficient process and insufficient service of process, respectively, and therefore, this Court lacked jurisdiction to issue the default judgment against him. Accordingly, the Court analyzes Defendant's motion pursuant to Rule 60(b)(4)."); Arista Records, Inc. v. Musemeci, No. 03CV4465(DGT)(RML), 2007 WL 3124545, at *2 (E.D.N.Y. Sept. 18, 2007) ("Although he does not specifically cite Rule 60(b)(4), defendant alleges that he was never served with a summons or complaint . . . . The court construes this as a motion to vacate the default judgment on the ground that the default judgment was void for want of personal jurisdiction.") (alteration added), report and recommendation adopted, No. CIV.A. CV-03-4465 (DG), 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007).

Accordingly, the Court analyzes Gupta's motion to vacate the default judgment against her for lack of proper service of process under the provisions of Rule 60(c)(4).

"A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011). For a federal court to exercise personal jurisdiction over a defendant, "the plaintiff's service of process upon the defendant must have been procedurally proper." Licci ex rel. Licci v. Lebanese

4

Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012). Rule 4(e) governs the procedural requirements for the service of individuals. It provides:

> [A]n individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
> (1) following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

As this Court is located in New York, Section 308 of the New York Civil Practice Law and Rules ("CPLR") provides the relevant framework for service under Rule 4(e)(1). Section 308, in turn, provides that individuals may be served by: (i) delivering the summons to the person to be served, also known as personal service; or (ii) by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served, along with mailing the summons to the person's last known address of residence, also known as substituted service. See N.Y. C.P.L.R. § 308(1)-(2).

However, and as relevant here, if personal service or substituted service "cannot be made with due diligence," Section 308(4) provides that a plaintiff can serve an individual:

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known

5

residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]

N.Y. C.P.L.R. § 308(4). This type of service is sometimes referred to as nail and mail service.

"The requirement of due diligence must be strictly observed because 'there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308(4).'" Serraro v. Staropoli, 94 A.D.3d 1083, 1084, 943 N.Y.S.2d 201 (2d Dep't 2012) (quoting Kaszovitz v. Weiszman, 110 A.D.2d 117, 493 N.Y.S.2d 335 (2d Dep't 1985)).

"New York courts have not adopted a *per se* rule as to what constitutes 'due diligence' under Section 308. Rather, whether attempts to effectuate service constitute due diligence is determined on a case-by-case basis." Allstate Ins. Co. v. Rozenberg, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011) (Spatt, J); accord Barnes v. City of New York, 51 N.Y.2d 906, 907, 415 N.E.2d 979, 980 (N.Y. 1980) ("[I]n determining the question of whether due diligence has been exercised, no rigid rule could properly be prescribed."); McSorley v. Spear, 50 A.D.3d 652, 653, 854 N.Y.S.2d 759, 761 (2d Dep't 2008) ("What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality.").

For example, courts have found that "[a] mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the 'due diligence' requirement before resort to nail and mail service." Estate of Waterman v. Jones, 46 A.D.3d 63, 66, 843 N.Y.S.2d 462, 464 (2d Dep't 2007); see also Prudence v. Wright, 94 A.D.3d 1073, 1074, 943 N.Y.S.2d 185, 187 (2d Dep't 2012) ("Due diligence was not exercised because two of the three attempts at service were at times when the defendant could not reasonably be expected to be at work, a national holiday."); Krisilas v. Mount Sinai Hosp., 63 A.D.3d 887, 889, 882 N.Y.S.2d 186, 188 (2d Dep't 2009) (finding that the plaintiff did not exercise the requisite due

diligence because the plaintiff attempted to serve the defendant at his place of business outside of the defendant's office hours and did not attempt to contact the defendant to ascertain his office hours prior to attempting service).

However, "'due diligence' may be satisfied with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times." Estate of Waterman, 46 A.D.3d at 66, 843 N.Y.S.2d at 464-65; see also Weifang Xinli Plastic Products v. JBM Trading Inc., No. 1:11-CV-2710 (WFK) (LB), 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014) ("[A] rough standard of due diligence has emerged from the caselaw. For instance, cases have required approximately three attempts at service, optimally on non-consecutive days.") (collecting cases); State Higher Educ. Servs. Corp. v. Sparozic, 35 A.D.3d 1069, 1071, 826 N.Y.S.2d 493 (3d Dep't 2006) (finding due diligence requirement met where the plaintiff made efforts to "reach defendant at her residence on three different weekdays at different times of day, i.e., 7:30 a.m., the following evening at 7:15 p.m., and two weeks later at 10:10 a.m"); Johnson v. Waters, 291 A.D.2d 481, 738 N.Y.S.2d 369 (2d Dep't 2002) ("The three attempts to make service of the summons and complaint upon the defendant at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence.").

"Ordinarily, a plaintiff bears the burden of demonstrating that service of process was validly effected." Khaldei v. Kaspiev, No. 10 CIV. 8328 (JFK), 2014 WL 2575774, at *5 (S.D.N.Y. June 9, 2014); cf. Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2011) ("A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit.").

7

However, "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005). "[I]n most cases where courts have shifted the burden to the defendant to disprove service, . . . it was conceded or uncontroverted that defendant had knowledge of the underlying suit before the entry of judgment." Khaldei, 2014 WL 2575774, at *7 (collecting cases).

Here, Gupta contends in her legal memorandum that she received notice of this suit on June 26, 2015, after a default judgment was entered against her. (See Gupta's Mem. of Law, Dkt. No. 24, at 1.) The Plaintiff does not appear to dispute when Gupta received actual notice of this suit but rather asserts that, regardless of when she received actual notice of the suit, she was properly served under CPLR § 308(4) as of March 24, 2014. (See the Pl.'s Mem. of Law, Dkt. No. 29–1, at 2.)

It is not entirely clear from the record if Gupta had actual knowledge of the underlying suit before the entry of default judgment against her in this case. Accordingly, the Court, out of an abundance of caution, finds that it is the Plaintiff's burden to establish that it properly served Gupta under CPLR § 308(4).

**B. As to the Analysis**

The Court finds that the Plaintiff has met its burden of showing that it properly served Gupta using the nail and mail method.

"In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service[.]" Old Republic Ins. Co. V. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002); see also Nyctl 1997-1 Trust v. Nillas, 288 A.D.2d 279, 732 N.Y.S.2d

872, 873 (2d Dep't 2001) ("The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308(1)."). However, "[a] defendant's sworn denial of receipt of service, . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id. (alteration added).

The Plaintiff offers a sworn and notarized affidavit of service by John Downs ("Downs"), a licensed process server. (See Gupta Aff. of Service, Dkt. No. 7; see also Weinreb Aff., Ex. C.) In the affidavit, Downs states that he attempted personal and substituted service on the Plaintiff at 55 East Beverley Parkway, Valley Stream, New York, her last known address, on Friday March 14, 2014 at 9:53 a.m.; on Saturday March 22, 2014 at 6:51 p.m.; and on Monday March 24, 2014 at 1:33 p.m. (Id.) Downs further stated that on March 24, 2014, after he failed to effect personal service on Gupta or substituted service at 55 East Beverley Parkway, he taped a copy of the summons and verified complaint to the door of the house located on the premises. (Id.) Subsequently, on March 26, 2014, he sent a copy of the summons and verified complaint via first class mail to 55 East Beverley Parkway. (Id.).

Gupta does not offer a sworn affidavit that disputes the account offered by Downs. Instead, she offers an affidavit by Rita Mallick ("Mallick"), her daughter, in which Mallick states that Gupta is currently residing in India and does not reside at the property located at 55 East Beverly Parkway. (See Oct. 30, 2015 Mallick Aff., Dkt. No. 26.) However, Gupta does not offer her own affidavit denying that she received service of the summons and complaint. Nor does Mallick deny that Gupta received service of the complaint and summons.

Thus, Mallick's affidavit does not rebut Downs' affidavit of service or create a genuine issue of material fact that warrants vacating the default judgment. See Nyctl 1997-1 Trust v. Nillas, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (2d Dep't 2001) ("The defendant's contention

that her default should be excused under CPLR 317 and 5015(a)(1) because she did not receive timely notice of the action was properly rejected, since she failed to allege specific facts to rebut the affidavit of the process server[.]"); Simonds v. Grobman, 277 A.D.2d 369, 369, 716 N.Y.S.2d 692, 693 (2d Dep't 2000) (finding that the affidavit of a non-party was insufficient to create a triable issue of fact on the issue of whether service was proper).

Even accepting the account provided by Downs' affidavit of service as true, Gupta further argues that service was improper under CPLR § 308(4) because Downs did not exercise the requisite due diligence before using the nail and mail method of service. (See Gupta's Mem. of Law, Dkt. No. 24, at 3–5.)

The Plaintiff argues that the three attempts made by Downs to serve Gupta at her last known residence are sufficient to satisfy the due diligence requirement of nail and mail service under CPLR § 308(4). The Court agrees.

As the cases discussed above establish, New York courts have generally found that a plaintiff exercises the requisite due diligence under CPLR § 308(4) where on non-consecutive days, he or she made three attempts at personal and substituted service during periods when the defendant was likely to be present. See S.E.C. v. Reynolds, 112 F.3d 505 (2d Cir. 1996) ("[C]ase law indicates that '[m]ore than two attempts, including some that are during non-business hours, constitutes due diligence.'") (quoting Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 717 (S.D.N.Y. 1993)).

In the present case, it is undisputed that the Plaintiff's process server made three attempts at serving Gupta at her last known residence on Friday March 14, 2014 at 9:53 a.m.; on Saturday March 22, 2014 at 6:51 p.m.; and on Monday March 24, 2014 at 1:33 p.m. These three attempts at service occurred on non-consecutive days and at least one of the attempts occurred on a

weekend when it was reasonable to believe that Gupta would be present and not at work. Under these circumstances, the Court finds that the Plaintiff exercised the requisite due diligence for purposes of CPLR § 308(4)

In support of her contention that due diligence was not properly exercised by the Plaintiff, Gupta relies primarily on Serraro v. Staropoli, *supra*. There, the Second Department found that the plaintiffs' four attempts at personally serving each defendant at their shared home were insufficient to meet the due diligence standard because there was evidence that "the plaintiffs knew that the defendant Nicholas Staropoli owned and operated a service station less than a mile from the parties' neighboring homes, but inexplicably, the process server was unaware of this and he never attempted to personally deliver a summons and complaint at that location." 94 A.D.3d at 1085, 943 N.Y.S.2d 201. In addition, the Appellate Division noted that "each of the process server's attempts at personal service '[was] made on weekdays during hours when it reasonably could have been expected that [the defendants were] either working or in transit to work.'" Id. Under these circumstances, the court found that the plaintiffs failed to establish that they met the relevant due diligence standard and as a result, granted the defendants' motion to vacate the default judgment for improper service of process. Id.

Here, the Plaintiff is correct that in this case, like Serraro, there is no evidence that the Plaintiff made general inquiries about Gupta's work schedule prior to using the nail and mail method. However, unlike Serraro, there is no evidence that Gupta was employed and had an alternative business address where she could have been served. Thus, it was reasonable for the Plaintiff's process server to continue attempting service at Gupta's last known residence. See State v. Mappa, 78 A.D.3d 926, 926, 911 N.Y.S.2d 426, 427 (2d Dep't 2010) ("[S]ince there was

11

no evidence that Mappa was employed, the plaintiff was not required to attempt to serve Mappa at his place of business.").

In addition, it is not an absolute requirement of exercising due diligence under CPLR § 308(4) that a process server make general inquiries into the defendant's whereabouts prior to attempting personal service at his or her resident or place of business. Rather, it is one factor in the due diligence analysis. Also, as noted above, courts have generally found that a plaintiff satisfies due diligence, where, as here, the plaintiff's process server has attempted to personally serve the defendant at his or her last known residence on three non-consecutive days, including on at least one weekend day, irrespective of whether that process server made general inquiries into the defendant's whereabouts prior to service. See, e.g., JPMorgan Chase Bank, N.A. v. Szajna, 72 A.D.3d 902, 903, 898 N.Y.S.2d 524 (2d Dep't 2010) ("[T]he three attempts to serve [the defendant] at his dwelling at different times and on different days, including an attempt on an early weekday morning and an attempt during midday Saturday, were sufficient to constitute 'due diligence' within the meaning of CPLR 308(4)); Johnson, 291 A.D.2d 481, 738 N.Y.S.2d 369, 370 ("The three attempts to make service of the summons and complaint upon the defendant at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence."); Matos v. Knibbs, 186 A.D.2d 725, 725, 588 N.Y.S.2d 911, 912 (2d Dep't 1992) ("The three attempts to make service of the summons and complaint upon Remch at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence.")

For these reasons, the Court finds Serraro to be distinguishable from this case, and under the circumstances, the Plaintiff exercised the proper due diligence prior to serving Gupta using

the nail and mail method. Therefore, the Court denies Gupta's motion to vacate the default judgment for insufficient service of process.

## II. CONCLUSION

For the foregoing reasons, Gupta's motion to vacate the default judgment is denied. The Plaintiff is directed to submit an amended proposed order of foreclosure and sale, which includes a proposed referee, on or before 14 days from the date of this Order.


**SO ORDERED.**
Dated: Central Islip, New York
July 7, 2016

                                          */s/ Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                          United States District Judge